Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, NJ 08003
Telephone: (856) 429-8334
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **JAMES DURST,** | ) | **Case No.:** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT AND DEMAND FOR** |
| | ) | **JURY TRIAL** |
| **FIRST CREDIT SERVICE, INC.,** | ) | |
| | ) | |
| Defendant. | ) | **(Unlawful Debt Collections Practices)** |
| | ) | |

**COMPLAINT**

JAMES DURST ("Plaintiff"), by and through his counsel, Kimmel & Silverman, P.C.,

alleges the following against FIRST CREDIT SERVICE, INC. ("Defendant"):

**INTRODUCTION**

1.     This is an action for damages brought by an individual consumer for Defendant's

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"),

which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**JURISDICTION AND VENUE**

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that

such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant regularly conducts business in the State of New Jersey therefore personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19149.

6.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.     Defendant is a corporation with its principal place of business located at One Woodbridge Center, Suite 410, Woodbridge, New Jersey 07095.

8.     Upon information and belief, Defendant is a corporation that provides call center, collections, insurance and debt purchase services to companies in the United States.

9.     At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.     At all times material hereto, Defendant contacted Plaintiff in an attempt to collect an alleged consumer debt.

- 2 -

PLAINTIFF'S COMPLAINT

12.     Upon information provided and belief, the alleged debt arose out of transactions that were for personal, family, or household purposes as Plaintiff does not owe any business debts.

13.     Beginning in or around March 2014, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone number in its attempts to collect the alleged debt.

14.     Defendant's collectors' calls originated from telephone numbers including, but not limited to, (800) 606-7066, (732) 726-1800, and (732) 305-8350.  The undersigned has confirmed that this number belongs to Defendant.

15.     Defendant's collectors called Plaintiff on a daily basis.

16.     At all relevant times, Plaintiff demanded that Defendant's collectors stop contacting him.  Yet, despite Plaintiff's requests, Defendant's calls persisted.

17.     Once Defendant was aware that Plaintiff did not wish to be contacted there was no legitimate reason for any additional calls, other than for the purpose of harassment.

18.     Further, Defendant's collectors also placed telephones calls to Plaintiff's daughter's cellular telephone in which they disclosed that they were calling on behalf of Defendant, that they were debt collectors, and that Plaintiff owed a debt.

19.     Plaintiff was humiliated and embarrassed when he learned that Defendant's collectors had disclosed his personal financial information to his daughter without his consent. He was also stressed and fearful that Defendant's collectors were disclosing his private information to other third parties without his knowledge or consent.

PLAINTIFF'S COMPLAINT

20.     Finally, within five days of its initial communication with Plaintiff, Defendant failed to send written notification of his rights to dispute the debt and/or to request verification of the debt, as well as the name of the original creditor and the amount of the debt.

21.     Defendant's actions as described herein were taken with the intent to harass, abuse and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692b(1) OF THE FDCPA

22.     A debt collector violates § 1692b(1) by identifying his employer (*i.e.* debt collection company), unless expressly requested to, while communicating with any person other than the consumer for the purpose of acquiring location information about the consumer.

23.     Defendant violated § 1692b(1) when its collectors revealed to Plaintiff's daughter that it was calling on behalf of Defendant, a debt collection company.

## COUNT II
## DEFENDANT VIOLATED § 1692b(2) OF THE FDCPA

24.     A debt collector violates § 1692b(2) by stating that a consumer owes any debt while communicating with any person other than the consumer for the purpose of acquiring location information about the consumer.

25.     Defendant violated § 1692b(2) when it disclosed to Plaintiff's daughter that it was seeking to collect a debt owed by Plaintiff.

PLAINTIFF'S COMPLAINT

**COUNT III**
**DEFENDANT VIOLATED § 1692c(b) OF THE FDCPA**

26.     A debt collector violates § 1692c(b) by communicating, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy.

27.     Defendant violated § 1692c(b) when it called Plaintiff's daughter and disclosed that it was seeking to collect a debt owed by Plaintiff, without Plaintiff's prior consent.

**COUNT IV**
**DEFENDANT VIOLATED § 1692d OF THE FDCPA**

28.     A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

29.     Defendant violated § 1692d when it placed repeated harassing telephone calls to Plaintiff; when it continued to call after Plaintiff demanded that it stop contacting him; and, when it disclosed Plaintiff's personal financial information to his daughter.

**COUNT V**
**DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA**

30.     A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

PLAINTIFF'S COMPLAINT

1
2
3

31.     Defendant violated § 1692d(5) when it placed repeated harassing calls to Plaintiff's cellular telephone causing it to ring continuously with the intent to annoy, abuse, and harass Plaintiff.

4
5

**COUNT VI**
**DEFENDANT VIOLATED § 1692f OF THE FDCPA**

6
7

32.     A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

8
9
10

33.     Defendant violated § 1692f when it harassed Plaintiff over the disputed debt; when it disclosure Plaintiff's private information to a third party without Plaintiff's consent; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

11
12
13

**COUNT VII**
**DEFENDANT VIOLATED § 1692g(a) OF THE FDCPA**

14
15
16
17
18
19
20
21
22
23
24

34.     A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt

25

- 6 -

collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

35.    Defendant violated § 1692g(a) when it failed to send written notification, within five (5) days after its initial communication with Plaintiff, advising him of his rights to dispute the debt or request verification of the debt, as well as the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, JAMES DURST, respectfully prays for judgment as follows:

    a.   All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    e.   Any other relief deemed fair and proper by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JAMES DURST, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

PLAINTIFF'S COMPLAINT

Respectfully submitted,

1

2
Dated: December 12, 2014                    By: /s/ Amy L. Bennecoff
3                                           Amy L. Bennecoff, Esquire
                                            Kimmel & Silverman, P.C.
4                                           1930 East Marlton Pike, Suite Q29
                                            Cherry Hill, NJ 08003
5                                           Telephone: (856) 429-8334
                                            Facsimile: (877) 788-2864
6                                           Email: abennecoff@creditlaw.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S COMPLAINT